IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL JOHNSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-672-RGA |
| WATERLOGIC EAST, LLC, | : | |
| Defendant. | : | |

Paul Johnson, New Castle, Delaware. *Pro Se* Plaintiff.

Sarah Michelle Ennis, Esquire, Margolis Edelstein, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

August 3, 2017
Wilmington, Delaware

*signature* Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Paul Johnson, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action on August 5, 2016. (D.I. 2). Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101. Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 13). Plaintiff opposes. (D.I. 14). Briefing on the motion is complete.

## BACKGROUND

At the time of his discharge, Plaintiff was employed by Defendant as a dispatcher. The Complaint alleges that employment discrimination by reason of disability occurred on March 19, 2015, when Plaintiff's employment was terminated.[1] (D.I. 2).

Plaintiff alleges that he has a physical impairment, heart failure, that substantially limits a major life activity. (*Id.* at ¶¶ 14, 16-19). Following a heart-related medical hospitalization, Plaintiff was able to return to work by wearing an automated external defibrillator ("AED"). (*Id.* at ¶¶ 16, 17). Plaintiff wore the AED from June 28, 2014 forward. (*Id.* at ¶ 18) He alleges that the AED allowed him to perform the essential functions of his job, and Defendant permitted him to wear the AED as a reasonable accommodation. (*Id.*).

Plaintiff alleges that in about January 2015, he received a "meets expectations" for his nine-month performance review as a dispatcher in the Southeast Region of the

---

[1] Attached to the Complaint is a notice of suit rights for EEOC Charge No. 17C-2015-00333 and its corresponding charge of discrimination. (D.I. 2 at 9; D.I. 2-1 at 4). The charge states that Defendant discriminated against Plaintiff, as he had a known disability and was able to perform the essential functions of his position either with or without a reasonable accommodation. (D.I. 2-1 at 4).

company. (*Id.* at ¶ 12). Plaintiff was transferred to the Northeast Region on February 2, 2015. (*Id.*). Plaintiff alleges that the Northeast Region was understaffed, had consistent problems retaining dispatchers to work in the region, and dispatchers were transferred from the Northeast Region and reassigned upon their evaluations of "not meeting expectations." (*Id.*).

On March 3, 2015, Plaintiff was "coached by Defendant on how to improve his job performance. (*Id.* at ¶ 21). On March 9, 2015, Plaintiff requested an extended leave of absence under the Family Medical Leave Act for necessary heart surgery. (*Id.* at ¶ 20). Plaintiff was given thirty days of non-paid FMLA leave, and Defendant offered Plaintiff the opportunity to work from home during recovery from surgery as a reasonable accommodation. (*Id.*). The surgery was postponed, and Plaintiff was allowed to return to work on March 11, 2015. (*Id.* at ¶ 21). Plaintiff was terminated on March 19, 2015 for his "alleged poor performance as the dispatcher for the Northeast Region." (*Id.*). Plaintiff alleges his employment was terminated because he requested a leave of absence under the FMLA and that Defendant's reason for the termination was a pretext for firing him. (*Id.*). Plaintiff alleges that other similarly situated, non-disabled, individuals were reassigned out of the Northeast Region, and he was not. (*Id.*) Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## STANDARDS OF LAW

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint fails to state discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"). Plaintiff proceeds *pro se* and, therefore, the Court liberally construes his pleadings.

The ADA prohibits discrimination in employment on the basis of disability. *See* 42 U.S.C. § 12112. In order to state a claim of discrimination, a plaintiff must generally show that (1) he belongs to the class of individuals protected by the statute; (2) he suffered an adverse employment action despite being qualified for the position; and (3) the adverse employment decision was a result of discrimination. *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). Similarly, to state a claim of retaliation under the ADA, a plaintiff must allege: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

*Disability.* Defendant argues that the Complaint fails to allege that Plaintiff is disabled within the meaning of the ADA because it does not allege that Plaintiff's impairment substantially limits one or more major life activity as required by the ADA. It further argues that its mere awareness of Plaintiff's heart condition does not establish that Plaintiff was regarded as disabled.

4

A "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(2). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The Court liberally construes the Complaint and finds that Plaintiff has adequately alleged a employment discrimination claim by reason of disability under the ADA. The Complaint alleges that Plaintiff suffered a disability by reason of a heart condition and that, unless he received a reasonable accommodation through the use of AED, he was unable to work (a "major life activity" per the statute) as a result of his heart condition. A complaint must allege, not prove, a cause of action. The Complaint alleges that Plaintiff has a heart condition, the condition constitutes a disability, and that Plaintiff was terminated from his position because of that condition. The allegations suffice to defeat the dismissal motion.

*Adverse Employment Decision.* In the alternative, Defendant contends that Plaintiff has not established an adverse employment decision by reason of discrimination. Defendant argues that Plaintiff's general claim that he was terminated for discriminatory reasons is too broad. Further, it contends that Plaintiff did not actually use his approved leave of absence because his surgery was canceled.

Liberally construing the allegations, as I must, they are adequate. Plaintiff alleges that he suffers from a disability, that he sought a medical leave of absence due

5

to the disability, and that after he sought leave, he was terminated. It matters not that Plaintiff did not actually use the approved leave. What is important is that Plaintiff alleges his dismissal is related to his disability. In addition, Plaintiff points to comparators who received poor performance evaluations, but who were not disabled, and who, rather than have their employment terminated, were transferred to different locations. Accordingly, dismissal is not appropriate.

*Retaliation*. Defendant seeks dismissal of the retaliation claim on the basis that the alleged facts are not unusually suggestive, temporal proximity alone does not support an inference of causation, and Plaintiff failed to allege other facts that speak to a retaliatory reason for his termination. Plaintiff's retaliation claim withstands the motion to dismiss.

Plaintiff alleges that he engaged in protected activity when he sought a medical leave due to his underlying medical condition, and Plaintiff's employment was terminated, within ten days of requesting medical leave. While the temporal proximity of ten days may in the end not be enough by itself to infer retaliatory motive, *see Blakney v. City of Phila.*, 559 F. App'x 183, 186 (3d Cir. 2014) (temporal proximity of two days is unusually suggestive of causation, but a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive), it is a good start. This case is at the pleading, not summary judgment, stage. *See Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) ("Where the temporal proximity is not so close as to be 'unduly suggestive,' the appropriate test is 'timing plus other evidence.'"). Given the previous "meets expectations" rating, not that long before, it is enough at this stage.

Plaintiff need only allege, not prove, a cause of action, and Plaintiff had adequately alleged a retaliation claim.

Having reviewed the Complaint and the charges of discrimination, attached thereto, the Court finds that Plaintiff has adequately stated employment discrimination claims based upon disability and retaliation. Accordingly, the Court will deny Defendant's motion to dismiss.

## CONCLUSION

For the above reasons, the Court will deny Defendant's motion to dismiss. (D.I. 13).

An appropriate order will be entered.